## ASHWORTH v. MODERN WOODMEN OF AMERICA.

No. 13374.

Court of Civil Appeals of Texas. Fort Worth.

May 8. 1936.

Rehearing Denied May 29, 1936.

Chas. T. Rowland, A. C. Heath, and A. E. Harding, all of Fort Worth, for appellant.

Cantey, Hanger & McMahon and F. T. Denny, all of Fort Worth, for appellee.

BROWN, Justice.

Appellant, Annis Pearl Ashworth, surviving wife of Glen R. Ashworth, brought suit against appellee, Modern Woodmen of America, in the district court of Tarrant county, alleging that her deceased husband was insured with and by appellee, policy being in the sum of $2,000, and that appellant was the beneficiary therein.

Appellant alleged that she and the insured were married in April, 1925, and remained husband and wife until on or about April 26, 1934, when he died. She alleged that while the policy was in full force, all premiums having been paid, the insured died, and "in due and proper time thereafter proper proofs of death being furnished the defendant and duly accepted by the defendant to the defendant's satisfaction and approval. That thereafter on or about May 7, 1934, plaintiff made due and proper demand of the defendant for the payment of said sum of $2000.00 after the defendant had theretofore agreed and undertook to pay the plaintiff. That thereafter on or about May 10, 1934, the defendant failed, refused, and neglected to pay the plaintiff the said sum or any part thereof; and defendant ever since failed, neglected and refused to pay the plaintiff the same, or any part thereof."

Plaintiff sued for the principal sum, the statutory penalty, interest, and attorney's fees.

Appellee filed a lengthy answer, but we will, for the purpose of this opinion, notice only a portion thereof.

Appellee averred that on May 29, 1933, the insured, in compliance with the rules and regulations of appellee, and as he had a right to do, made a written request for change of beneficiary and for the issuance of a new policy certificate, payable to his mother, Sylva Lula Ashworth, and that appellee, on June 1, 1933, canceled the old benefit certificate and issued the new certificate, naming the insured's mother as the beneficiary; and averred that in due time the designated beneficiary named in the last certificate issued to the insured made proof of the insured's death; and that on June 4, 1934, appellee issued its check, payable to the said designated beneficiary, in full settlement of the insurance claimed, which check was in due time cashed by the beneficiary; and averred that no proofs of death were furnished to appellee excepting by the named beneficiary.

Appellee further averred that before it paid the proceeds of the policy to the designated beneficiary, it received a letter from one A. E. Harding, attorney of Fort Worth, Tex., dated May 7, 1934, which stated, in substance, that during the year 1933, a Mr. Willis was supposed to have

written to appellee's office, informing appellee not to change the beneficiary in the certificate unless appellant signed an agreement consenting to the change, and that appellant was awaiting payment of the proceeds of the insurance certificate, and that on May 10, 1934, the general counsel of appellee replied to the said attorney's letter and advised such attorney that it had never received and had no record of any letter from any man by the name of Willis relative to a change of beneficiary in Ashworth's benefit certificate; that the insured member alone had control of the matter of designating his beneficiary and did not have to obtain the consent of a former beneficiary before making the change; that the insured requested that the beneficiary in the certificate be changed to that of his mother, Sylva Lula Ashworth, which was done on June 1, 1933; that such letter was properly mailed to the said attorney and was received by him and no reply was ever received by appellee to such letter; that after having written appellant's attorney explaining the status of the benefit certificate, appellee did not make immediate payment of the benefits provided therein, but waited more than a month in order to give appellant and her attorney a fair and reasonable time in which to reply to appellee's letter, but that no reply was made and that neither appellant nor her attorney indicated in any manner any further desire to assert a claim to any benefits under the certificate; and the appellee averred that the conduct of appellant in delaying to assert her claim and bring her suit until after it had paid the proceeds of the policy to the designated beneficiary, under the circumstances, effected an estoppel.

The case was tried to a jury, and at the close of the introduction of the evidence the trial court gave a peremptory instruction in favor of appellee, and rendered judgment that appellant take nothing by reason of her suit.

The sole question before us is: Was the trial court warranted in so instructing the jury?

The only evidence of any claim made by appellant of and demand for the benefits under the certificate of insurance issued to the deceased appears by letter written on May 7, 1934, by A. E. Harding as attorney for appellant. The letter is as follows:

"Mr. J. W. Ray,
"% The Modern Woodmen of the World,
"General Offices,
"Rock Island, Ill.
"Dear Mr. Ray:
"I am writing you in regard and about the widow, Mrs. Glen Ashworth of the deceased Glen Robert Ashworth, who died April 26th, 1934, at Lincoln, Nebraska. During the year 1933 and the month of April, a Mr. Willis had written to your local office at Rock Island and informed your company not to change the Beneficiary Policy unless Mrs. Ashworth had signed the same agreement with your company.

"During the year of April 1932, the above policy referred to and said person, Glen Robert Ashworth had his membership transferred from the City of Fort Worth, Texas, to Lincoln, Nebraska, and the amount of Policy was for the sum of $2,000 and in good standing at that time, however Mrs. Ashworth, widow of the deceased in Fort Worth is very anxiously awaiting the payment of this claim and all matter settled with your Company.

"Hoping that I will have the honor of an immediate reply from you as soon as possible, I beg to remain
    "Sincerely yours,
        "[Signed]   A. E. Harding."

This letter was replied to on May 10, 1934, by appellee's general counsel, as follows:

"Mr. A. E. Harding,
    "Attorney at Law,
    "P. O. Box 1554,
    "Fort Worth, Texas.
"Dear Sir:
"Your letter of May 7th, addressed to Mr. J. G. Ray, concerning the claim on death of G. R. Ashworth Camp 969, has been referred to this department for attention.

"You appear to be writing in behalf of the insured's widow who you say is awaiting payment of this claim.

"I beg to advise you that according to our records the member, in full compliance with the by-laws, executed a change of beneficiary which was completed on June 1, 1933, changing his beneficiary from his wife Annis to his mother, Sylva L. Ashworth.

"Therefore, the wife has absolutely no claim to the benefits. We have no record of any letter from a Mr. Willis relative to

532

refusing a change in beneficiary and under the laws we would have had no right to make such refusal for the member has sole control of his benefit certificate and does not have to obtain the consent of the former beneficiary when he makes a change.

"Yours very truly,

"Geo. G. Perrin,

"General Counsel."

Being in receipt of the reply letter containing the information shown therein, it was manifestly the duty of appellant, or her counsel, to either bring suit immediately against appellee, or to take some steps to put appellee upon notice that appellant intended to contest the claim of the last named beneficiary. All this to the end that appellee might withhold payment on the. benefit certificate until the rights of all claimants were fully determined. But appellant and her attorney neglected to do this and brought suit on January 8, 1935, more than eight months after the insured's death and more than six months after appellee had paid the designated beneficiary.

Under the facts and circumstances found in this record, appellant is estopped from claiming any benefit under the certificate of insurance. Furthermore, the evidence introduced by appellant fails to establish any issue of fact in her favor.

The judgment of the trial court is affirmed.